IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. __:____-CV-___-__

| | | |
|---|---|---|
| SABINO VALERIO-NARANJO, FRANCISCO EDUARDO GARCIA-VENTURA, ALEJANDRO MARTINEZ-TORRES, SERVANDO MORENO-GALVAN, and JULIO ABRAHAM RIVERA-BALDERAS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | COMPLAINT |
| SHADY RIDGE CORP., JEFFREY C. LEE FARMS, INC., HOBBS & PETERSON FARMS, INC.,and BERNARDO PEREZ, | ) ) ) ) | |
| Defendants. | ) ) ) | |

I.  PRELIMINARY STATEMENT

1.  This is an action by former H-2A temporary agricultural workers and employees of Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the common law of contracts, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et seq.  The Plaintiffs are former employees of the above-captioned agricultural corporate enterprises and individuals (hereinafter referred to collectively as "Defendants"), who jointly and individually employed Plaintiffs in the years 2015, 2016, and/or 2017 in or around Sampson county, to perform agricultural and related work for Defendants.

2.  Plaintiffs pursue claims against the Defendants for: failure to pay the minimum wage required under the FLSA and NCWHA

1

for Plaintiffs' work for Defendants; failure to pay Plaintiffs wages at the promised rate(s) as required by the NCWHA; unlawful withholding and deduction of wages in violation of the NCWHA; failure to pay all wages owed to Plaintiffs when due, as required by the FLSA and NCWHA; liquidated damages under the FLSA and NCWHA; and other violations.

3. Plaintiffs bring claims on behalf of themselves and seek to represent all other similarly situated employees of Defendants who were paid less than the minimum wage required by the FLSA, in violation of the FLSA, in a collective action pursuant to 29 U.S.C. § 216(b).

4. Plaintiffs seek monetary and declaratory relief against Defendants under the FLSA, NCWHA, and the common law of contracts.

## II. JURISDICTION

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367(a).

6. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

7. Venue over this action lies in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216(b). A substantial part of the events or omissions giving rise to the plaintiffs' causes of action occurred in one or more counties listed in 28 U.S.C. § 113(a).

2

IV. <u>NAMED PLAINTIFFS</u>

8.   In 2015, 2016, and 2017, plaintiff Sabino Valerio-Naranjo was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by some if not all Defendants in agricultural and related work in and around Sampson County, North Carolina, from approximately May to November in each of those same years. Throughout the entirety of all of those time periods in 2015, 2016, and 2017, plaintiff Valerio-Naranjo was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprises that Defendants have operated and continue to operate in and around Sampson County, North Carolina, from at least January 1, 2014, to the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

9.   In 2015, plaintiff Francisco Eduardo Garcia-Ventura was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by some if not all Defendants in agricultural and related work in and around Sampson County, North Carolina, from approximately May to November in that same year.  Throughout the entirety of that time period in 2015, plaintiff Garcia-Ventura was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprises that Defendants have operated and continue to operate

3

in and around Sampson County, North Carolina, from at least January 1, 2014, to the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

10. In 2015, plaintiff Alejandro Martinez-Torres was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by some if not all Defendants in agricultural and related work in and around Sampson County, North Carolina, from approximately May to November in that same year. Throughout the entirety of that time period in 2015, plaintiff Martinez-Torres was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprises that Defendants have operated and continue to operate in and around Sampson County, North Carolina, from at least January 1, 2014, to the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

11. In 2015, plaintiff Servando Moreno-Galvan was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by some if not all Defendants in agricultural and related work in and around Sampson County, North Carolina, from approximately May to November in that same year. Throughout the

4

entirety of that time period in 2015, plaintiff Moreno-Galvan was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprises that Defendants have operated and continue to operate in and around Sampson County, North Carolina, from at least January 1, 2014, to the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

12.  In 2017, plaintiff Julio Abraham Rivera-Balderas was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by some if not all Defendants in agricultural and related work in and around Sampson County, North Carolina, from approximately May to November in that same year.  Throughout the entirety of that time period in 2017, plaintiff Rivera-Balderas was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprises that Defendants have operated and continue to operate in and around Sampson County, North Carolina, from at least January 1, 2014, to the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

V.  <u>DEFENDANTS</u>

13.  Defendant Shady Ridge Corporation is a corporation

5

organized under the laws of the state of North Carolina in 1987. Henry F. Chancy, 1311 Timothy Road, Dunn, North Carolina 28334, is its registered agent for service of process.

14. In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, defendant Shady Ridge Corporation was and is a corporation "engaged in commerce or in the production of goods for commerce" within the scope and meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), as in each of those same calendar years defendant Shady Ridge Corporation had:

a. employees who handled, sold or otherwise worked on goods or materials that had been moved in or produced for interstate commerce by another person, corporation, or partnership; and

b. annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

15. In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, defendant Shady Ridge Corporation was and is an employer of H-2A workers, as that term is defined in and by the H-2A regulations, 20 C.F.R. § 655.103(b). Defendant Shady Ridge Corporation had and continues to have a place of business in the United States, a means to be contacted for employment, the ability to control the work of its H-2A employees, and a valid Federal Employer Identification Number.

16. Defendant Jeffrey C. Lee Farms, Inc., is a corporation organized under the laws of the state of North Carolina in 2004.

Jeffrey C. Lee, 5208 Meadowbrook Road, Benson, North Carolina 27504, is its registered agent for service of process.

17. In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, defendant Jeffrey C. Lee Farms, Inc., was and is a corporation "engaged in commerce or in the production of goods for commerce" within the scope and meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), as in each of those same calendar years defendant Jeffrey C. Lee Farms, Inc., had:

a. employees who handled, sold or otherwise worked on goods or materials that had been moved in or produced for interstate commerce by another person, corporation, or partnership; and

b. annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

18. In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, defendant Jeffrey C. Lee Farms, Inc., was and is an employer of H-2A workers, as that term is defined in and by the H-2A regulations, 20 C.F.R. § 655.103(b). Defendant Jeffrey C. Lee Farms, Inc., had and continues to have a place of business in the United States, a means to be contacted for employment, the ability to control the work of its H-2A employees, and a valid Federal Employer Identification Number.

19. Defendant Hobbs & Peterson Farms, Inc., is a corporation organized under the laws of the state of North Carolina in 2007. Glenn E. Peterson, 894 Enoch Road, Clinton, North Carolina 28328,

7

is its registered agent for service of process.

20.    In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, defendant Hobbs & Peterson Farms, Inc., was and is a corporation "engaged in commerce or in the production of goods for commerce" within the scope and meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), as in each of those same calendar years defendant Hobbs & Peterson Farms, Inc., had:

a.    employees who handled, sold or otherwise worked on goods or materials that had been moved in or produced for interstate commerce by another person, corporation, or partnership; and

b.    annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

21.    In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, defendant Hobbs & Peterson Farms, Inc., was and is an employer of H-2A workers, as that term is defined in and by the H-2A regulations, 20 C.F.R. § 655.103(b).  Defendant Hobbs & Peterson Farms, Inc., had and continues to have a place of business in the United States, a means to be contacted for employment, the ability to control the work of its H-2A employees, and a valid Federal Employer Identification Number.

22.    At all times relevant to this complaint, defendant Bernardo Perez has been and continues to be a resident of Sampson County, North Carolina.

23.    At all times relevant to this complaint, defendant

8

Bernardo Perez has been and continues to be the general manager and/or supervisor of plaintiffs and those other persons that were and are employed by some if not all the defendants described in ¶¶ 13-21 above. In that capacity, defendant Bernardo Perez, acting on behalf of some if not all the above-captioned Defendants, had and continues to have the right, and has regularly exercised on a day to day basis the right, to direct, control, and supervise the work of plaintiffs and those other employees of the defendants, described in ¶¶ 13-21 above.

24. At all times relevant to this complaint, some if not all defendants described in ¶¶ 13-23 above were joint and individual employers of the Plaintiffs within the meaning of 29 U.S.C. §§ 203(d) and (g), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

VI. FLSA COLLECTIVE ACTION (§ 206(a))

25. Named Plaintiffs maintain this action against Defendants for and on behalf of themselves and all other similarly situated persons who were jointly and severally employed by Defendants in 2015, 2016, and/or 2017 to perform agricultural and related work for Defendants in and around Sampson County, North Carolina.

26. This collective action is for those H-2A workers described in ¶ 25 above who suffered de facto wage deductions at the hands of Defendants, which deductions reduced the net hourly wage of those H-2A workers to below the minimum wage of $7.25 per hour required by the FLSA for each H-2A worker's weekly wage(s), as described and alleged in ¶¶ 35-47 below.

9

27. In the three (3) year time period immediately preceding the date on which any person files a Consent to Sue pursuant to 29 U.S.C. § 216(b) in this action, and ending with the date final judgment is entered with respect to this action, Defendants shifted the cost(s) of inbound and outbound employment expenses and other expenses that were a term and condition of each worker's employment, described in ¶ 25 above, onto the named Plaintiffs and other employees of Defendants described in ¶ 25 above. Those inbound and outbound employment expenses included, but were not limited to, bus transportation within Mexico, bus transportation within the United States, hotel costs that were necessary because Plaintiffs and other employees were required to wait in Monterrey, Mexico, for at least one 24-hour period before they were able to obtain processing for their visa interviews, visa processing fees, the cost of subsistence food during inbound and outbound travel, and the border crossing fee required by the U.S. government.

28. In the 3 year time period immediately preceding the date on which any person files a Consent to Sue pursuant to 29 U.S.C. § 216(b) in this action, and ending with the date final judgment is entered with respect to this action, Defendants, as a term and condition of Plaintiffs' and other employees' employment for Defendants described in ¶ 25 above, required Plaintiffs and other employees described in ¶ 25 above to kick back, from each and every paycheck they received, a substantial portion of their wages to Defendants, in the form of mandatory purchases of food and meals, clothing, and other items, which forced kickbacks

constituted unlawful de facto deductions from Plaintiffs' and other employees' wages.

29.    Defendants willfully and/or recklessly shifted the cost(s) of inbound and outbound employment expenses and other expenses that were a term and condition of workers' employment, described in ¶ 25 above, onto named Plaintiffs and other employees of Defendants described in ¶ 25 above.

30.    Defendants willfully and/or recklessly required Plaintiffs and other employees described in ¶ 25 above, as a term and condition of their employment for Defendants, to kick back wages to Defendants and made unlawful de facto deductions from Plaintiffs' and other employees' wages.

VII.   FACTUAL ALLEGATIONS

31.    Defendants jointly and severally employed the named Plaintiffs and the members of the collective action described in ¶¶ 25-30 above to perform agricultural and related work for Defendants and Defendants' enterprises in or near Sampson County, North Carolina, in 2015, 2016, and/or 2017.

32.    In 2015, some if not all Defendants jointly and severally employed Plaintiffs Valerio-Naranjo, Garcia-Ventura, Martinez-Torres, Moreno-Galvan, and members of the collective action described in ¶¶ 25-30 above to perform agricultural and related work for Defendants and Defendants' enterprises in or near Sampson County, North Carolina.

33.    In 2016, Defendants jointly and severally employed Plaintiff Valerio-Naranjo and members of the collective action

11

described in ¶¶ 25-30 above to perform agricultural and related work for Defendants and Defendants' enterprises in or near Sampson County, North Carolina.

34. In 2017, Defendants jointly and severally employed Plaintiffs Valerio-Naranjo, Rivera-Balderas, and members of the collective action described in ¶¶ 25-30 above to perform agricultural and related work for Defendants and Defendants' enterprises in or near Sampson County, North Carolina.

35. Throughout the entirety of those time periods described in ¶¶ 31-34 above, Plaintiffs suffered de facto wage deductions at the hands of Defendants, in the form(s) of forced kickbacks of wages to Defendants, which deductions reduced the net hourly wage of Plaintiffs to below the applicable adverse effect wage rate ("AEWR") required by 20 C.F.R. § 655.122(1) and violated the terms of the clearance order or job contract that each Plaintiff had with Defendants for each and every workweek of Plaintiffs in 2015, 2016, and/or 2017. *See* Exhibits A, B, and C.

36. Throughout the entirety of those time periods described in ¶¶ 31-34 above, Plaintiffs and members of the collective action described in ¶¶ 25-30 above suffered de facto wage deductions at the hands of Defendants, in the form(s) of forced kickbacks of wages to Defendants, which deductions reduced the net hourly wage of Plaintiffs and others described in ¶¶ 25-30 to below the minimum wage of $7.25 per hour required by the FLSA for each H-2A worker's weekly wage(s).

37. Throughout the entirety of those time periods described

12

in ¶¶ 31-34 above, and as alleged in ¶¶ 35-36 above, Defendants, as a term and condition of Plaintiffs' and other employees' employment for Defendants, required Plaintiffs and other employees to kick back, from each and every paycheck they received, a substantial portion of their wages to Defendants, in the form of mandatory purchases of food and meals, clothing, alcohol, cigarettes, and other items, often at significantly elevated prices.

38. Throughout the entirety of those time periods described in ¶¶ 31-34 above, each and every Plaintiff and other H-2A employee described in ¶¶ 25-30 above kicked back anywhere from $100.00 to $300.00 of their wages from each and every weekly paycheck to Defendants.

39. The forced kickbacks and de facto wage deductions, described in ¶¶ 35-38 above, suffered by Plaintiffs and other H-2A workers were mandatory, and were a term and condition of their employment for Defendants.

40. Throughout the entirety of those time periods described in ¶¶ 31-34 above, Plaintiffs and other workers described in ¶¶ 25-30 above were not allowed to cook or prepare their own food or meals, in breach of the clearance order or job contract that each Plaintiff and H-2A employee had with Defendants in 2015, 2016, and/or 2017, and in violation of 20 C.F.R. § 655.122(g). *See* Exhibits A, B, and C.

41. Throughout the entirety of those time periods described in ¶¶ 31-34 above, Plaintiffs and other workers described in ¶¶

13

25-30 above that did not consume alcohol or tobacco or related products were nonetheless still regularly required by Defendants to kickback wages to Defendants in the form of mandatory purchases of alcohol and cigarettes, as a term and condition of their employment by and for Defendants.

42. Throughout the entirety of those time periods described in ¶¶ 31-34 above, if and when any Plaintiff or other employee did not kick back to Defendants what Defendants deemed to be an adequate amount of wages from any paycheck, the Plaintiff or other employee was retaliated against, reprimanded, and/or subjected to an adverse employment action(s) for the inadequate kickback to Defendants of wages from the Plaintiff's or other employee's paycheck.

43. Similarly, throughout the entirety of those same time periods described in ¶¶ 31-34 above, if and when any Plaintiff or other employee protested or complained about the forced kickbacks and/or de facto wage deductions, the Plaintiff or other employee was retaliated against, threatened, reprimanded, and/or subjected to an adverse employment action(s) because of the protest(s) or complaint(s).

44. The forms and manners of retaliatory action, reprimand(s), and/or adverse employment action described in ¶¶ 42-43 above included but were not limited to discharge, suspension, demotion, retaliatory relocation, and/or failure to recall, rehire, and/or renew employment contracts.

45. In addition to the de facto wage deductions described in

14

¶¶ 35-44 above, during the time periods described in ¶¶ 31-34 above Plaintiffs suffered other de facto wage deductions at the hands of Defendants, in that Defendants shifted the cost(s) of inbound and outbound employment expenses and other expenses that were a term and condition of Plaintiffs' employment onto Plaintiffs, which deductions also and further reduced the net hourly wage of Plaintiffs to further below the applicable AEWR required by 20 C.F.R. § 655.122(1) and the terms of the clearance order or job contract that each Plaintiff had with Defendants in 2015, 2016, and/or 2017. *See* Exhibits A, B, and C.

46. In addition to the de facto wage deductions described in ¶¶ 35-44 above, during the time periods described in ¶¶ 31-34 above Plaintiffs and members of the collective action described in ¶¶ 25-30 suffered other de facto wage deductions at the hands of Defendants, in that Defendants shifted the cost(s) of inbound and outbound employment expenses and other expenses that were a term and condition of Plaintiffs' and other workers' employment onto Plaintiffs and other workers, which deductions also and further reduced the net hourly wage of Plaintiffs and others described in ¶¶ 25-30 to further below the minimum wage of $7.25 per hour required by the FLSA for each H-2A worker's weekly wage(s).

47. The inbound and outbound employment expenses described in ¶¶ 45-46 included, but were not limited to, bus transportation within Mexico, bus transportation within the United States, hotel costs that were necessary because Plaintiffs and other employees were required to wait in Monterrey, Mexico, for at least one 24-

hour period before they were able to obtain processing for their visa interviews, visa processing fees, the cost of subsistence food during inbound and outbound travel, and the border crossing fee required by the U.S. government.

48. Defendants willfully and/or recklessly required Plaintiffs and other employees described in ¶¶ 25-30 above, as a term and condition of their employment for Defendants, to kick back wages to Defendants and made unlawful de facto deductions from Plaintiffs' and other employees' wages, as alleged and described in ¶¶ 35-44 of this Complaint.

49. Defendants willfully and/or recklessly shifted the cost(s) of inbound and outbound employment expenses and other expenses that were a term and condition of the employment of Plaintiffs and the workers described in ¶¶ 25-30 above onto Plaintiffs and those same workers described in ¶¶ 25-30, as alleged and described in ¶¶ 45-47 of this Complaint.

50. As detailed in ¶¶ 35-47 of this Complaint, throughout the entirety of the time periods described in ¶¶ 31-34 above, and continuing to the present, Defendants failed to pay all wages owed to Plaintiffs, in violation of N.C. Gen. Stat. § 95-25.6.

51. As detailed in ¶¶ 35-47 of this Complaint, throughout the entirety of the time periods described in ¶¶ 31-34 above Defendants failed to pay all wages owed to Plaintiffs when those wages were due to Plaintiffs, in violation of N.C. Gen. Stat. § 95-25.6.

52. As detailed in ¶¶ 35-47 of this Complaint, throughout

16

the entirety of the time periods described in ¶¶ 31-34 above Defendants required forced kickbacks and made unauthorized, de facto deductions from Plaintiffs' wages, in violation of N.C. Gen. Stat. § 95-25.8.

VIII. FIRST CLAIM FOR RELIEF (NCWHA)

53. Plaintiffs adopt and reallege paragraphs one through 52 above as though fully set out herein.

54. As alleged and described in ¶¶ 35-52 of this Complaint, Defendants failed to pay all wages owed to Plaintiffs, as required by and under N.C. Gen. Stat. § 95-25.6.

55. As a result of those above-described acts or omissions by Defendants, Plaintiffs have suffered damages in the form of unpaid wages and liquidated damages that may be recovered pursuant to N.C. Gen. Stat. §§ 95-25.6, 95-25.8, and 95-25.22.

IX. SECOND CLAIM FOR RELIEF (FLSA)

56. Plaintiffs adopt and reallege paragraphs one through 55 above as though fully set out herein.

57. As alleged and described in ¶¶ 35-52 of this Complaint, Defendants failed to pay all wages owed to Plaintiffs, and the members of the collective action described in ¶¶ 25-30 above that Plaintiffs seek to represent pursuant to 29 U.S.C. § 216(b), at the rate required by 29 U.S.C. § 206(a) for the work described in ¶¶ 31-34 above.

58. As a result of those acts or omissions by Defendants, in reckless disregard of the rights of Plaintiffs under 29 U.S.C. § 206(a), and in reckless disregard of the rights of each member of

the collective action described in ¶¶ 25-30, Plaintiffs and each member of that collective group have suffered damages in the form of unpaid wages and liquidated damages that may be recovered pursuant to 29 U.S.C. § 216(b).

X.  THIRD CLAIM FOR RELIEF (Clearance Order contract)

59.  Plaintiffs adopt and reallege paragraphs one through 58 above as though fully set out herein.

60.  As alleged and described in ¶¶ 35-52 of this Complaint, Defendants violated their contractual duty to Plaintiffs to pay all wages owed to Plaintiffs when those wages were due to Plaintiffs, as required by the terms of the clearance order or job contract(s) described in ¶¶ 35, 40, and 45 of this Complaint, and further described in and by 20 C.F.R. §§ 655.122, 655.1304, and 655.1305, that each Plaintiff had with Defendants in 2015, 2016, and/or 2017.

61.  As a result of those acts or omissions by Defendants, Plaintiffs have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under the common law of contracts.

WHEREFORE, Plaintiffs pray that this Court:

(a)  Grant a jury trial on all issues so triable;

(b)  Certify this action as a collective action under 29 U.S.C. § 216(b) with respect to the class(es) defined in ¶¶ 25-30 of this Complaint;

(c)  Enter judgment against Defendants, jointly and

18

severally, and in favor of Plaintiffs for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed by N.C. Gen. Stat. § 95-25.22(a), in connection with Plaintiffs' First Claim for Relief in an amount equal to the total of the unpaid wages due each Plaintiff under N.C. Gen. Stat. §§ 95-25.6, 95-25.8, and 95-25.22(a), plus an equal and additional amount in liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22(a1), plus interest in the manner and at the rate prescribed by N.C. Gen. Stat. § 95-25.22(a);

(d)     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs and each member of the collective action who has timely filed a Consent to Sue as required by 29 U.S.C. § 216(b) for back wages and liquidated damages under 29 U.S.C. § 216(b) in connection with Plaintiffs' Second Claim for Relief in an amount equal to the total of the unpaid wages due each named Plaintiff and each member of the collective action described in ¶¶ 25-30 under 29 U.S.C. §§ 206(a) and 216(b), plus an equal and additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

(e)     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs for compensatory damages in connection with Plaintiffs' Third Claim for Relief in an amount equal to the total amount of compensation due each Plaintiff in compensatory damages for each and every workweek that Plaintiffs suffered an economic loss or lost wages as a proximate result of

Defendants' or a Defendant's failure to comply with either the express written terms of the clearance order or job contract that Plaintiffs had with Defendants in 2015, 2016, and/or 2017, or the requirement(s) of any federal regulation governing employers' employment of H-2A workers through and under the H-2A program that was incorporated into the same clearance order or job contract between Plaintiffs and Defendants;

(f) Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that Defendants violated Plaintiffs' rights under the FLSA and other applicable law;

(g) Award Plaintiffs the costs of this action against Defendants, jointly and severally;

(h) Award Plaintiffs reasonable attorney fees against Defendants, jointly and severally, under N.C. Gen. Stat. § 95-25.22(d) and 29 U.S.C. § 216(b);

(i) Award Plaintiffs prejudgment and post-judgment interest as allowed by law; and,

(j) Award such other relief as this Court may deem just and proper in this action.

Respectfully submitted this 2nd day of October, 2018.

BY: /s/ Aaron V. Jacobson
Aaron V. Jacobson
N.C. State Bar No. 44065
Legal Aid of North Carolina, Inc.
224 South Dawson Street

20

Raleigh, NC 27601
Telephone: (919) 714-6038
Fax: (919) 714-6864
Email: AaronJ@legalaidnc.org


BY: /s/ Lori J. Johnson
Lori J. Johnson
N.C. State Bar No. 24227
Legal Aid of North Carolina, Inc.
224 South Dawson Street
Raleigh, NC 27601
Telephone: (919) 856-2180
Fax: (919) 714-6587
Email: LoriE@legalaidnc.org


Counsel for Plaintiffs

## Index of Exhibits

Exhibit A.      2015 Clearance Order

Exhibit B.      2016 Clearance Order

Exhibit C.      2017 Clearance Order

Exhibit D.      Consent to Sue of Plaintiff Sabino Valerio-Naranjo

Exhibit E.      Consent to Sue of Plaintiff Francisco Eduardo Garcia-Ventura

Exhibit F.      Consent to Sue of Plaintiff Alejandro Martinez-Torres

Exhibit G.      Consent to Sue of Plaintiff Servando Moreno-Galvan

Exhibit H.      Consent to Sue of Plaintiff Julio Abraham Rivera-Balderas